**BANK OF AMERICA, N.A.'S
MOTION TO DISMISS COMPLAINT**

# EXHIBIT A

**Security Agreement and Terms and Conditions**

*Charles Jacob Stratman v. Bank of America, N.A.*
**United States District Court Southern District of Florida Miami Division
Case No: 0-26-cv-61090- DIMITROULEAS/STRAUSS**

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

Bank of America

# NOTICE TO PROVIDE FIRST SECURITY INTEREST

**Borrower:** Starboard Yacht Group Llc
**Borrower:** Charles J Stratmann
(Borrower and Co-Borrower (if any) are hereafter collectively referred to as "you" or "your")

DESCRIPTION OF COLLATERAL (the "Vehicle"):

| NEW/ USED | YEAR | MAKE | MODEL | VIN |
|---|---|---|---|---|
| New | 2022 | Ram | 3500 | 3C63R3HL2NG421618 |

For good and valuable consideration, you covenant and agree to apply for title to the Vehicle and to provide Bank of America, N.A. (the "Bank") title to the Vehicle showing the Bank as the first and only lienholder, to be identified as follows:

**Bank of America, N.A.**
**P. O. Box 2759**
**Jacksonville, FL 32203-2759**

You also covenant that you will only apply for title in your name(s), and you further covenant that you will not add any other owners to the title. You agree to provide any additional documentation and sign any other documents required to perfect the Bank's security interest in the Vehicle.

You will pay all costs in connection with filing all title documentation, including all taxes assessed on the Vehicle. Additionally, you represent that there are no other security interests or liens on the Vehicle other than that of the Bank. You agree that you will not permit any other liens to be filed or recorded against the Vehicle.

Should you fail to perform the tasks set forth above, you acknowledge that your failure to do so may, in the Bank's sole discretion, constitute a default under the Promissory Note, Estimated Disclosure, Security Agreement and Terms and Conditions you signed, and may result in, among other things, a decision by the Bank to accelerate the underlying indebtedness and demand payment in full.

| | | |
|---|---|---|
| Signature _CHARLES J STRATMANN_ | 12/27/2022 | Signature _CHARLES J STRATMANN_ | 12/27/2022 |

Signature _CHARLES J STRATMANN_   12/27/2022
Name of Borrower  Starboard Yacht Group Llc       Date

Signature _____  / /
Name of Borrower _____   Date

Signature _CHARLES J STRATMANN_   12/27/2022
Name of Borrower  Charles J Stratmann       Date

Signature _____  / /
Name of Borrower _____   Date

NTP_1106
AU104A

12/27/2022
62092108

The original document is owned by Bank of America, N.A. and this copy was created on Dec 27, 2022 03:06:13 PM.

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

**BANK OF AMERICA**

## ESTIMATED DISCLOSURE, SECURITY AGREEMENT
## AND TERMS AND CONDITIONS

BORROWER(S)                                              LENDER   BANK OF AMERICA, N.A.

| NAME | Starboard Yacht Group Llc | ADDRESS | ██████████ Dania Beach, FL 33004-3418 |
| NAME | Charles J Stratmann | ADDRESS | ██████████ Ft Lauderdale, FL 33301-1362 |
| NAME | | ADDRESS | |
| NAME | | ADDRESS | |

### DESCRIPTION OF COLLATERAL:

| New or Used | Year | Make and Model | Collateral Identification Number | Loan Purpose |
|---|---|---|---|---|
| NEW | 2022 | RAM 3500 | 3C63R3HL2NG421618 | ☐ Personal  ☒ Business |
| | | | | |
| | | | | |

### TRUTH-IN-LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 4.890 % | $ 12,093.68 (e) | $ 93,566.92 | $ 105,660.60 (e) |

Your payment schedule will be:                                          (e) means an estimate.

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 60 | 1,761.01 | Monthly Beginning        01/26/2023 |

**Security:** You are giving us a security interest in the Collateral described above.

**Late Charge:** If a payment made is more than 15 days after the scheduled due date, you will be charged four percent (4%) of the full amount of the scheduled payment past due or $35, whichever is greater.

**Filing Fee: $** 0.00

**Prepayment Charge:** If you pay off early, you will not have to pay a penalty; and will not be entitled to a refund of a part of the finance charge. See the remainder of this document for any additional information about nonpayment, default, any required prepayment in full before the scheduled date and prepayment rebates and penalties.

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1. Amount given to me directly | $ 0.00 | (1) |
| 2. Amount paid to my Bank loan account | $ 0.00 | (2) |
| 3. Amount paid to others on my behalf | $ 93,566.92 | (3) |
| A. Documentary Stamp Tax........ To: State | $ 327.60 | |
| B. Filing Fees ................ To: Public Officials | $ 0.00 | |
| C. For: PAYOFF   To: ROB LAMBDINS UNIVERSITY DODGE RAM | $ 93,239.32 | * |
| D. For:   To: | $ | * |
| E. For:   To: | $ | * |
| F. For:   To: | $ | * |
| G. For:   To: | $ | * |
| H. For:   To: | $ | * |
| I. For:   To: | $ | * |
| J. For:   To: | $ | * |
| K. For:   To: | $ | * |
| 4. Prepaid Finance Charge | $ 0.00 | (4) |
| 5. Principal Amount (1, 2, 3, and 4) | $ 93,566.92 | (5) |
| 6. Total Amount Financed (5 minus 4) | $ 93,566.92 | (6) |

*We may share in or receive a portion of these amounts.

NC Estimated Disclosure
32EDAU117A (11/22)
AU117A

Page 1 of 4

DATE PRINTED:   12/27/2022
62092108

The original document is owned by Bank of America, N.A. and this copy was created on Dec 27, 2022 03:06:13 PM.

(Page 3 of 6)     Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

Case 0:26-cv-61090-WPD   Document 19-1   Entered on FLSD Docket 07/15/2026   Page 4 of 7

continued from Page 1

**PROPERTY INSURANCE:** You understand that you are required to purchase property insurance on the Collateral. You can buy this insurance through any person of your choosing reasonably acceptable to us.

**PROMISE TO PAY:** You promise to pay to the order of Bank of America, N.A., the Principal Amount disclosed on your Final Truth in Lending Disclosure plus interest at the rate of _____ 4.890% . The Principal Amount, and payment schedule disclosed on this Note may change based on the date the loan is funded, the final loan terms and the final amount financed. You agree to make regular monthly payments in accordance with the payment schedule reflected on your Final Truth in Lending Disclosure until your loan is paid in full. You may prepay all or any part of the unpaid Principal Amount without paying any penalty. If you prepay, we will not refund to you any portion of the finance charge. If we have not received the full amount of any payment within fifteen days following the date the payment was due, you promise to pay the late charge as disclosed above. If any payment under this Note is made with a check or other instrument that is dishonored for any reason, you agree to pay us a returned check fee equal to thirty-five dollars ($35), in addition to any other amounts or charges you may owe us. Interest will be charged on a daily basis of 1/365 (1/366 in a leap year) beginning on the date funding occurs for the purchase or refinance of the Collateral previously described and continuing until the full amount of the Principal Amount has been paid. This means the amount of interest you pay will be less if you make your payments early and more if you pay late. Our acceptance of one or more late payments including partial payments does not give you the right to continue making late payments or otherwise modify our rights under this Agreement, including our right to immediately declare a default or repossess the Collateral. Payments are due on or before the due date. We will apply each payment we receive to the finance charges, fees and unpaid principal in any order we choose. Interest accrual commences as of the date the loan is funded even if you accept delivery of the Collateral you are purchasing from a dealer or other seller at a later date.

**TERMS AND CONDITIONS.** Please see additional pages for Terms and Conditions section. You are bound by these Terms and Conditions.

**SIGNATURE.** By signing below, you agree to all of the terms of this Note and request us to issue the loan. You acknowledge receiving a copy of this Note.

**NOTICE TO COSIGNER.** You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to and that you want to accept this responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs which increase this amount. The Bank can collect this debt from you without first trying to collect from the borrower. The Bank can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record. This notice is not the contract that makes you liable for the debt.

**NOTICE TO CONSUMER.** (1) Do not sign this Agreement before you read it; (2) You are entitled to a copy of this Note; (3) You may, at any time, prepay the unpaid balance of this Agreement without penalty.

**Use of Electronic Records and Signatures:** You agree that this Agreement may be presented, signed and maintained electronically, and that your electronic signature will be just as enforceable as if you had signed the Agreement on paper using a pen.

**Authoritative Copy and Conversion to Paper:** Either we, or a custodian of our choosing, will use a record management system we designate ("Designated System") to maintain the electronic authoritative copy of this Agreement ("Authoritative Copy"). We may, at any time, elect to convert the Authoritative Copy into paper form. If we do so, we will (1) mark or otherwise identify the paper copy as the original ("Paper Original") and (2) note in the Designated System that the Authoritative Copy has been converted. If we convert the Authoritative Copy to a Paper Original, you and we agree that (1) your electronic signature on this Agreement, when displayed on the Paper Original, constitutes your signature on the Paper Original as well, (2) when you electronically sign this Agreement you are also signing and delivering the Paper Original, and (3) the Paper Original will thereafter be the sole document evidencing your obligations under this Agreement. You agree that both the Authoritative Copy and any Paper Original will be held by us in the ordinary course of business.

| Signature | *CHARLES J STRATMANN* | 12/27/2022 | Signature | *CHARLES J STRATMANN* | 12/27/2022 |
|---|---|---|---|---|---|
| | | Date | | | Date |
| Name of Borrower | Starboard Yacht Group Llc | | Name of Borrower | Charles J Stratmann | |
| Signature | | / / | Signature | | / / |
| | | Date | | | Date |
| Name of Borrower | | | Name of Borrower | | |

NC Estimated Disclosure
32EDAU117A (11/22)
AU117A

Page 2 of 4

DATE PRINTED: 12/27/2022
62092108

The original document is owned by Bank of America, N.A. and this copy was created on Dec 27, 2022 03:06:13 PM.

(Page 4 of 6)　　　　　　　　　　　　Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

Case 0:26-cv-61090-WPD　Document 19-1　Entered on FLSD Docket 07/15/2026　Page 5 of 7

## TERMS AND CONDITIONS

**Definitions.** "You" or "your" means each borrower and each other person or entity who agrees to pay this Note and therefore agrees to the terms of the Note (together referred to as "you"). "We" or "us" means the Lender and its successors and assigns. The terms "Note", "Agreement", and "Loan" are used interchangeably. "Collateral" means the vehicle or vessel described on the first page of this Note.

**Applicable Law.** This Note is governed by the laws of the United States and the state in which you reside, except that the laws of the United States and the state of North Carolina shall apply to any matters related to the interest (including any fees constituting interest) that may be charged under this Note.
**Effective Date.** This Note is effective on the date reflected above, or, if no date is provided, on the date we fund the Loan.

**Ownership, Duties Toward Collateral, and Risk of Loss.** You represent that you own the Collateral. You will defend the Collateral against any other claim. You agree to do whatever we require to perfect our interest and keep our priority. You will not do anything to harm our position. You will keep the Collateral in your possession (except if pledged and delivered to us). You will keep it in good repair and use it only for its intended purposes. You will not try to sell or transfer the Collateral, or permit the Collateral to become attached to any real estate, without our written consent. You will pay all taxes and charges on the Collateral as they become due. You will inform us of any loss or damage to the Collateral. You agree to pay us all that you owe under this Note even if the Collateral is damaged, destroyed, stolen, impounded, seized or threatened with seizure or forfeiture.

**Security Interest.** You have provided us a security interest in the Collateral that you have purchased or refinanced with the proceeds of this Note you have executed. You agree to allow us to inspect the Collateral at any reasonable time and provide any additional documentation and sign other documents, including financing statements, certificates of title or other documentation required to perfect our security interest in the Collateral. You will also pay all costs in connection with filing any such documentation. You represent that there are no other security interests or liens on the Collateral other than ours and will permit no other liens without our prior written consent. You agree that this security agreement and any loan it secures cannot be assumed by someone buying the Collateral from you. If you try to transfer any interest in the Collateral, you will be in default on all obligations that are secured by this security agreement.

**Power of Attorney.** You, being the owner(s) of the Collateral that you have purchased or refinanced with the proceeds of this Note, do make, constitute, and appoint us as your true and lawful attorney-in-fact, for you and in your name, place and stead, to sign any certificate of title or other supporting papers covering said Collateral in whatever manner necessary to register and/or transfer ownership thereof, and to take any other steps we deem reasonably necessary to perfect, maintain, and protect our security interest in the Collateral.

**Required Physical Damage Insurance.** You agree to have physical damage insurance covering loss or damage to the Collateral for the term of this Note.

**Insurance or Service/Repair Plan Charges Returned to Us.** If any charge for required insurance is returned to us, it may be credited to your account or used to buy similar insurance or insurance which covers only our interest in the Collateral.
If you purchase optional insurance or service/repair plans, any refund obtained by us due to the cancellation of such products will be credited to your account. You hereby grant us a security interest in any such rebates, unearned premiums or insurance proceeds. Credits to your account will be in the same manner as payments. You will be notified of what is done.

**Repossession of the Collateral for Failure to Pay.** If you fail to pay according to the payment schedule or if you break any of the agreements in this Note (default), we can take the Collateral from you (repossession) subject to any right to cure default you may have. To take the Collateral, we can go on your land or anywhere the Collateral is located so long as it is done peacefully. If there are any personal belongings in the Collateral such as clothing, furniture, and tools, we do not have to store them and will not be responsible for the items beyond what the law may require. Any accessories, equipment or replacement parts will remain with the Collateral. You agree to pay us all reasonable costs we incur to repossess the Collateral.

**Getting the Collateral Back After Repossession.** If we repossess the Collateral we will send to you a notice of sale disclosing that you have the right to redeem the Collateral by paying the accelerated balance and other costs of repossession. Under certain circumstances, you may have the right to reinstate the account by paying past due payments plus any late charges, the cost of taking and storing the Collateral and other expenses that we have incurred or charges allowed by law. We will use the net proceeds of the sale to pay all or part of your debt.

If you owe less than the net proceeds of sale, we will pay you the difference, unless we are required to pay it to someone else. If you owe more than the net proceeds of sale, you will pay us the difference between the net proceeds of the sale and what you owe when we ask for it. If you do not pay this amount when asked, we will charge interest on it. If you have damaged the Collateral, you will be liable to us for the damages.

**Attorneys' Fees and Costs.** To the extent permitted by applicable law, if we hire an attorney other than our salaried employee to collect what you owe or realize on any security, you agree to pay our reasonable attorney's fees, including any incurred in connection with any bankruptcy or appellate proceeding, and any court costs and out of pocket expenses, whether or not the suit is filed, plus interest on such sums at the highest rate allowed by law.

**Default.** Except as prohibited by law, you will be in default on this Note if any one of the following occurs:
A) You fail to make a payment in full when due.
B) You fail to perform any obligation that you have undertaken in this Note.
C) You provide us false or misleading information in connection with this Loan.
D) You die, are declared incompetent, or become insolvent.
E) You fail to pay or keep any other promise or any other loan or credit agreement you may have with us.
F) The Collateral is damaged, destroyed, stolen, impounded, seized or threatened with seizure or forfeiture.
G) Any creditor of yours attempts to collect any debt you owe through court proceedings, set-off or self-help repossession.
H) You fail to provide any additional security that we may require.
I) Any legal entity (such as a partnership or corporation) that has agreed to pay this Note merges, dissolves, reorganizes, ends its business or existence, or a partner or majority stockholder dies or is declared incompetent or becomes insolvent.
J) Anything else happens that causes us to believe that we will have difficulty collecting the amount you owe us.

**Failure to Pay or Keep Promises as Required.** If you do not pay us as agreed or you are otherwise in default or if an event occurs which substantially reduces the value of the Collateral or which materially impairs your prospects to pay amounts due under this Note, we may, at our option, use any one or more of the following remedies:
A) Declare the entire unpaid Principal Amount to be immediately due and owing. You will, following such event, at our request, deliver the Collateral to a place we designate which is reasonably convenient to both you and us.
B) Use the right of set-off as explained below.
C) Demand more security or new parties obligated to pay this Loan (or both).
D) Make a claim for any and all insurance benefits or refunds that may be available on your default.
E) Use any remedy we have under state or federal law.
F) Use any remedy given to us in any agreement securing this Loan.

Unless otherwise provided by law, by choosing any one or more of these remedies, we do not give up our right to use another remedy later. By deciding not to use any remedy should you be in default, we do not give up our right to consider the event a default if it happens again.

NC Estimated Disclosure
32EDAU117A (11/22)
AU117A

Page 3 of 4

DATE PRINTED:　12/27/2022
62092108

The original document is owned by Bank of America, N.A. and this copy was created on Dec 27, 2022 03:06:13 PM.

(Page 5 of 6)    Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

Case 0:26-cv-61090-WPD   Document 19-1   Entered on FLSD Docket 07/15/2026   Page 6 of 7

continued from Page 3

## TERMS AND CONDITIONS

**Set-off.** You agree that, unless prohibited by law, we may set off any amount due and payable under this Note against any right you have to receive money from us. "Right to receive money from us" means:

A) Any deposit account balance you have with us;
B) Any money owed to you on an item presented to us or in our possession for collection or exchange; and
C) Any repurchase agreement or other nondeposit obligation.

"Any amount due and payable under this Note" means the total amount of which we are entitled to demand payment under the terms of this Note at the time we set off. This total includes any balance the due date for which we properly accelerate under this Note.

If your right to receive money from us is also owned by someone who has not agreed to pay this Note, our right of set-off will apply to your interest in the obligation and to any other amounts you could withdraw on your sole request or endorsement. Our right of set-off does not apply to an account or other obligation where your rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

We will not be liable for the dishonor of any check when the dishonor occurs because we set off this debt against any of your accounts. You agree to hold us harmless from any such claims arising as a result of our exercise of our right of set-off.

**Obligations Independent.** You understand that your obligation to pay this Loan is independent of the obligation of any other person who has also agreed to pay it. We may, without notice, release you or any of you, give up any right we may have against any of you, extend new credit to any of you, or renew or change this Note one or more times and for any term, and you will still be obligated to pay this Loan. We may, without notice, fail to perfect our security interest in, impair, or release any security and you will still be obligated to pay this Loan.

**Credit Reporting.** You agree that we may obtain a consumer credit report in connection with your application and in connection with an update, renewal, or extension of the credit for which the application is made. You also agree that we may obtain consumer credit reports in connection with the servicing or collection of this Loan.

**Communicating with You.** To the extent permitted by applicable law, and without limiting any other rights we may have, you consent to our communicating with you, in connection with this Loan, using any telephone number, including a cellular telephone number, or email address that you provided in your application, or using any telephone number, including a cellular telephone number, email address, or other address or number that you provide in the future. You authorize us to communicate with you using any current or future means of communication, including, but not limited to, automated telephone dialing equipment, artificial or pre-recorded voice messages, SMS text messages, email directed to you at a mobile telephone service, or email otherwise directed to you. WE MAY USE SUCH MEANS OF COMMUNICATION EVEN IF YOU WILL INCUR COSTS TO RECEIVE SUCH COMMUNICATIONS.

**Integration and Severability.** This document contains the entire agreement between you and us. If any part of this document is invalid, all other parts of the document will remain valid.

**Non-Waiver.** You agree not to send us partial payments marked "paid in full", "with prejudice", "without recourse" or any similar restrictive endorsements. If you send these items or complaints to our lockbox or address specified for payment, they shall not be deemed received and the endorsements will not be effective against us even though we cashed the checks on which such endorsements are contained.

**Customer Identification Program (CIP).** Pursuant to requirements of law, including the USA PATRIOT Act, Bank of America is obtaining information and will take necessary actions to verify your identity.

## NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS AND SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.



NC Estimated Disclosure
32EDAU117A (11/22)
AU117A

Page 4 of 4

DATE PRINTED:    12/27/2022
62092108

The original document is owned by Bank of America, N.A. and this copy was created on Dec 27, 2022 03:06:13 PM.

# Bank of America ⧫

### FINAL DISCLOSURE TRUTH-IN-LENDING

BORROWER(S)

DISCLOSURE DATE   12/27/2022

LENDER   BANK OF AMERICA, N.A.

NAME   Starboard Yacht Group Llc          ADDRESS   ▮▮▮▮▮▮▮ Dania Beach, FL  33004-3418

NAME   Charles J Stratmann          ADDRESS   ▮▮▮▮▮▮ Ft Lauderdale, FL  33301-1362

NAME   _____          ADDRESS   _____

NAME   _____          ADDRESS   _____

## DESCRIPTION OF COLLATERAL:

| New or Used | Year | Make and Model | Collateral identification Number | Loan Purpose |
|---|---|---|---|---|
| NEW | 2022 | RAM 3500 | 3C63R3HL2NG421618 | ☐ Personal  ☒ Business |
| | | | | |
| | | | | |

### TRUTH-IN-LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 4.890 % | $ 12,093.68 (e) | $ 93,566.92 | $ 105,660.60 (e) |

**Your payment schedule will be:**                                   (e) means an estimate.

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 60 | 1,761.01 | Monthly Beginning   01/27/2023 |

**Security:** You are giving us a security interest in the Collateral described above.

**Late Charge:** If a payment made is more than 15 days after the scheduled due date, you will be charged four percent (4%) of the full amount of the scheduled payment past due or $35, whichever is greater.

**Filing Fee: $**   0.00

**Prepayment Charge:** If you pay off early, you will not have to pay a penalty; and will not be entitled to a refund of a part of the finance charge.

See your Estimated Disclosure, Security Agreement and Terms and Conditions for any additional information about nonpayment, default, any required prepayment in full before the scheduled date and prepayment rebates and penalties.

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1. Amount given to me directly | $ 0.00 | (1) |
| 2. Amount paid to my Bank loan account | $ 0.00 | (2) |
| 3. Amount paid to others on my behalf | $ 93,566.92 | (3) |
| A. Documentary Stamp Tax........ To: State | $ 327.60 | |
| B. Filing Fees ........ To: Public Officials | $ 0.00 | |
| C. For: TITLE PROCESSING FEE   To: VINTEK | $ 0.00 | * |
| D. For: SALES TAX   To: STATE | $ 0.00 | * |
| E. For: PAYOFF   To: ROB LAMBDINS UNIVERSITY DODGE | $ 93,239.32 | * |
| F. For: _____ To: _____ | $ _____ | * |
| G. For: _____ To: _____ | $ _____ | * |
| H. For: _____ To: _____ | $ _____ | * |
| I. For: _____ To: _____ | $ _____ | * |
| J. For: _____ To: _____ | $ _____ | * |
| K. For: _____ To: _____ | $ _____ | * |
| 4. Prepaid Finance Charge | $ 0.00 | (4) |
| 5. Principal Amount (1, 2, 3, and 4) | $ 93,566.92 | (5) |
| 6. Total Amount Financed (5 minus 4) | $ 93,566.92 | (6) |

*We may share in or receive a portion of these amounts.

**This document constitutes the Final Truth-in-Lending Disclosure for the Estimated Disclosure, Security Agreement and Terms and Conditions that the Borrower has already signed.**