**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

FILED BY VB D.C.
AUG 26 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT LAUD.

**Case No. 0:26-cv-61090-WPD**

CHARLES JACOB STRATMANN,
Plaintiff,
v.
BANK OF AMERICA, N.A.,
Defendant.

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

[DE 22]

Plaintiff Charles Jacob Stratmann, appearing pro se, respectfully opposes Defendant Bank of America, N.A.'s Motion to Dismiss the First Amended Complaint (DE 22). The motion should be denied. In the alternative, Plaintiff requests leave to amend.

## I. INTRODUCTION

The operative pleading is the First Amended Complaint (DE 20). The Court denied as moot Defendant's prior motion to dismiss the original Complaint (DE 19) for that reason. (DE 21.) DE 22 is a Rule 12(b)(6) motion directed at DE 20, filed August 12, 2026 by Jason R. Bowyer of McGuireWoods LLP. Responses are due August 26, 2026.

The FAC alleges that Defendant disposed of Plaintiff's 2022 RAM 3500 (VIN 3C63R3HL2NG421618) without the notification, timing, accounting, and commercially reasonable process required by Florida's UCC Article 9; denied him the chance to redeem; used telephonic statements and multi-account pressure in connection with that disposition; and participated, as a distinct "person," in an association-in-fact enterprise's affairs through a pattern of racketeering activity. (FAC ¶¶ 1, 7-8, 19-32, 33-73.) Those allegations, accepted as true, state plausible claims. Rule 12(b)(6) is not a trial on notice, price, or buyer identity.

The FAC does not plead FDUTPA. It does not plead a standalone spoliation tort. It does not sue

on behalf of Starboard Yacht Group LLC. (FAC ¶ 5.) Arguments aimed at those features of the original Complaint do not dismiss DE 20.

## II. STANDARD

A complaint survives Rule 12(b)(6) if it contains enough facts to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility is satisfied when the pleaded facts allow a reasonable inference of liability. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts as true and draws reasonable inferences in the plaintiff's favor. A pro se pleading is held to a less stringent standard than one drafted by counsel, Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972), though the pro se plaintiff must still state a claim, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007). Fraud-sounding predicates must be stated with particularity. Fed. R. Civ. P. 9(b); Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010).

### II-A. THE RECORD ON THIS MOTION (RULE 12(d))

Plaintiff does not present matters outside the pleadings. He asks the Court to decide DE 22 on the FAC, the docket orders already on file, and -- if at all -- the Security Agreement Defendant attached as Exhibit A to DE 22. A court may consider a document attached to a motion to dismiss without converting the motion to summary judgment only if the document is central to the claim and undisputed. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

Plaintiff is not attaching Fax.plus images, IC3 packets, or the 903-page production filed as DE 269-1 in Case No. 0:23-cv-61696-AHS. Those materials are outside this Rule 12(b)(6) record. If Defendant offers other extra-pleading proof, Rule 12(d) requires the Court to exclude it or to convert the motion to one under Rule 56 and give Plaintiff a reasonable opportunity to present material.

## III. THE FAC IS LIMITED TO PLAINTIFF'S INDIVIDUAL CLAIMS

Defendant argues that Plaintiff cannot represent Starboard Yacht Group LLC pro se. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). The FAC meets that rule. Plaintiff "brings this action in his individual capacity as co-borrower on the vehicle financing agreements, credit victim, and injured party. He does not bring this action on behalf of Starboard Yacht Group LLC or any entity." (FAC ¶ 5.) He alleges he co-signed the financing and was a co-borrower. (FAC ¶¶ 7-8.) Those are individual rights: notice, redemption, accounting, and personal credit and property injury. Palazzo does not require dismissal of a natural person's own claims because an LLC is also mentioned in the facts.

To the extent any damage theory is later shown to belong only to the LLC, the remedy is to limit damages or permit amendment, not to dismiss the individual Article 9, FCCPA, declaratory, and RICO claims with prejudice.

## IV. THE ARTICLE 9 COUNTS STATE CLAIMS (COUNTS I-VI)

DE 22 moves to dismiss the entire FAC for failure to state a claim. To the extent it challenges Counts I through VI, those counts state claims.

### A. Notice and timing are distinct duties (Counts I and II)

Count I alleges Defendant disposed of the Vehicle without sending any notification of disposition. Fla. Stat. Sec. 679.611(2); FAC ¶¶ 33-37. Count II alleges that, even if notice was sent (which is denied), Defendant did not give the ten-day period Sec. 679.612(2) treats as reasonable for a non-consumer transaction. (FAC ¶¶ 38-41.) Those are different elements: whether signed notification was sent, and whether it was sent in time. A complete failure of notice and a late notice are not the same statutory breach. Both are independently remediable under Sec. 679.625.

Section 679.613 also states what a notification must contain when it is sent, including the method of intended disposition and that the debtor is entitled to an accounting. Fla. Stat. Sec. 679.613. The FAC alleges no compliant notification at all. (FAC ¶¶ 20-21, 35, 40.) That allegation, taken as true, is a Sec. 679.611 failure and, independently, a Sec. 679.612 timing

failure.

The FAC is not conclusory on this point. It alleges Defendant's representative said on April 7, 2026 that Plaintiff "could have purchased the vehicle yesterday," and on April 8, 2026 that the sale was happening "today," and that Plaintiff received no pre-sale notification. (FAC ¶¶ 20-21, 35, 40.) Those facts plead zero authenticated notice and zero lead time.

**B. Commercial unreasonableness is pleaded (Count III)**

Section 679.610 permits a private sale only if every aspect of the disposition is commercially reasonable. Fla. Stat. Sec. 679.610(1)-(2). The FAC alleges a closed dealer-only channel that excluded the debtor, refusal to disclose terms or buyer, an undisclosed price, and a sale conducted while Defendant denied Plaintiff information about his statutory rights. (FAC ¶¶ 43-44.) Those are facts about method, manner, and terms. Whether a private dealer sale was "usual" is a fact question. It is not a 12(b)(6) winner because the statute allows private sales.

**C. Redemption (Count IV)**

Section 679.623 gives the debtor the right to redeem before disposition by tendering fulfillment of the secured obligations plus reasonable expenses. The FAC alleges Defendant's own agent confirmed the right was still open on April 7 and that the sale closed on April 8 without the notice required to exercise it. (FAC ¶¶ 45-48.) Defendant may later prove no tender was made. The FAC does not have to try the redemption accounting at the pleading stage. It alleges the right was extinguished without the notice that makes tender possible. That is a claim.

**D. Accounting (Count V)**

Count V is new relative to the original Complaint. After disposition, the secured party must send an explanation of surplus or deficiency. Fla. Stat. Sec. 679.616(1). The FAC alleges Plaintiff asked for sale price, buyer, and surplus/deficiency on March 10, April 7, and April 8, 2026, and was told he would have to "litigate" to obtain records. (FAC ¶¶ 49-53.) That is a statutory accounting claim, not a restated notice count.

**E. Section 679.625 (Count VI)**

Section 679.625 supplies the damages for noncompliance with Chapter 679. Pleading the remedy statute with the duty counts is not a defect that requires dismissal with prejudice. If the Court prefers damages to be folded into Counts I-V, Plaintiff asks leave to amend. The FAC identifies concrete losses: Vehicle fair-market value, lost redemption, Sprinter driveshaft damage by Defendant's recovery agent, and related account harm. (FAC ¶ 56.) Consumer-goods minimums under Sec. 679.625(3)(b) are not required for the actual-damages claim in Sec. 679.625(2).

**V. FCCPA (COUNT VII)**

Count VII alleges collection conduct: telephonic misrepresentations about the disposition, refusal to give legally required disclosures while pressuring other accounts, same-day delinquency notices on additional vehicles, the statement that Plaintiff must "litigate" to obtain records he was entitled to receive, and denial of the Sprinter damage claim with an instruction to sue. (FAC ¶¶ 57-58.)

Those facts plead Fla. Stat. Sec. 559.72(9): claiming, attempting, or threatening to enforce a debt when the person knows that the debt is not legitimate, or asserting the existence of a legal right when the person knows that the right does not exist. Telling a debtor he must sue to obtain a Sec. 679.616 accounting, while pressing other accounts the same day as an unnoticed sale, is an assertion of collection rights the FAC alleges Defendant knew it had not earned. Section 559.72(18) is the attorney-communication rule. It is not the map for these facts.

**VI. DECLARATORY JUDGMENT (COUNT VIII)**

An actual controversy exists over whether any deficiency is owed after a disposition the FAC alleges was noncompliant, and over surplus. (FAC ¶¶ 59-61); 28 U.S.C. Sec. 2201. The controversy does not wait on Defendant's later deficiency invoice. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

When the amount of a deficiency or surplus is in issue, Fla. Stat. Sec. 679.626 supplies the

burden rules for that action. A debtor whose deficiency is eliminated under Sec. 679.626 may recover for loss of surplus. Fla. Stat. Sec. 679.625(4). Count VIII therefore belongs with Counts I-V, not after a later collection suit. Count VIII should proceed.

## VII. RICO (COUNTS IX AND X)

A civil RICO plaintiff must allege conduct of an enterprise through a pattern of racketeering activity that proximately injures business or property. 18 U.S.C. Sec.Sec. 1962(c), 1964(c); Cisneros v. Petland, Inc., 972 F.3d 1204, 1211 (11th Cir. 2020). To the extent DE 22 challenges Counts IX and X, those counts state claims for the following reasons.

### A. Person and enterprise are distinct

Defendant is pleaded as the RICO "person." (FAC ¶ 63.) The enterprise is an association-in-fact of Ivankovich-related persons and entities, not Defendant and its own agents. (FAC ¶¶ 10-18, 30, 64.) That satisfies the distinctness requirement. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1355-57 (11th Cir. 2016), dismisses a complaint that treats the defendant corporation as the enterprise. It does not dismiss a complaint that names an outside association and a bank as the person who participated in that association's affairs.

Participation is pleaded as operation or management of specific transactions: reversing $113,285.15 in chargebacks to SHM/LMC after American Express allowed parallel chargebacks; producing account-security data later used in a vishing attack; and disposing of the Vehicle after written litigation-hold notice. Reves v. Ernst & Young, 507 U.S. 170, 183 (1993); FAC ¶¶ 12-14, 17-18, 65-67.

### B. Predicates are particular

Count IX specifies who, what, when, where, and how for the wire-fraud predicates: March 10, April 7, and April 8, 2026 telephone statements about "litigate," "could have purchased the vehicle yesterday," and sale "today," each concealing terms, buyer, and price. (FAC ¶ 65(a)-(c).) It specifies the December 2023 chargeback reversal amounts and the March 2026

Sprinter-claim denial. (FAC ¶ 65(d)-(e).) Rule 9(b) does not require the customer-service employee's surname at the pleading stage when date, medium, content, and purpose are stated.

**C. Pattern**

The FAC alleges related acts from December 2023 through April 2026, same victim, same purpose of stripping economic capacity and concealing disposition, and ongoing concealment of buyer and price. (FAC ¶ 66); H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239-43 (1989). That is closed-ended continuity of more than two years, plus open-ended concealment.

**D. Injury and conspiracy**

The FAC alleges injury from the reversed chargebacks, the Vehicle, the Sprinter damage, and the IC3 #3 loss tied to produced security data. (FAC ¶ 68.) Count X alleges agreement evidenced by those overt acts after notice of related proceedings. (FAC ¶¶ 70-73); 18 U.S.C. Sec. 1962(d); Beck v. Prupis, 529 U.S. 494, 501 (2000). If any RICO count is found deficient, Plaintiff requests leave to amend. Dismissal with prejudice on the first challenge to this FAC is not warranted.

**VIII. THE FAC IS NOT A SHOTGUN PLEADING**

The Eleventh Circuit describes four shotgun types. Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The FAC is none of them. Each count states a separate statutory duty and names the facts that support it. Incorporation of a 32-paragraph factual background into later counts is ordinary. The FAC is nineteen pages. It does not adopt every prior count wholesale as its only allegation, and it does not lump unnamed defendants into undifferentiated claims.

**IX. LEAVE TO AMEND**

If the Court grants any part of DE 22, Plaintiff requests leave to amend. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962). This is the first amended complaint. There is no finding of bad faith or repeated failure to cure.

## X. CONCLUSION

The Court should deny DE 22. In the alternative, it should dismiss without prejudice and grant leave to amend. The Friday, August 28, 2026, 10:00 a.m. Eastern Rule 26(f) conference does not stay this response.

Respectfully submitted this 26th day of August, 2026.

**/s/ Charles Jacob Stratmann**

Charles Jacob Stratmann Plaintiff, pro se 545 NE 17th Avenue Fort Lauderdale, FL 33301 (954) 873-8546 jake@starboardyacht.com

## CERTIFICATE OF CONFERRAL

(S.D. Fla. Local Rule 7.1(a)(3))

I conferred with counsel for Defendant regarding this opposition as follows:

1. On August 21, 2026, at 12:40 p.m. Eastern, I sent the rematched letter on the Rule 26(f) thread, offering conference windows and stating that I would file a timely written opposition to DE 22. That letter responded to Ms. Acevedo's August 18 request for a Rule 26(f) conference.

2. On August 25, 2026, at 1:23 p.m. Eastern, I sent a follow-up on the same thread and asked whether Defendant consents, objects, or takes no position on this opposition. Local Rule 7.1(a)(3) does not require a pre-filing conference on a motion to dismiss.

3. On August 25, 2026, at 1:28 p.m. Eastern, Jason R. Bowyer, Esq. replied that Defendant is available Friday, August 28, 2026, at 10:00 a.m. for the Rule 26(f) conference, will discuss the proposed schedule, and will circulate a call-in number. That is a Friday hold. It did not state whether Defendant consents, objects, or takes no position on this opposition.

Defendant has not stated a position on this opposition. The Friday hold does not stay or enlarge the deadline to respond to DE 22.

**/s/ Charles Jacob Stratmann**

**CERTIFICATE OF SERVICE**

I certify that on August 26, 2026, I will serve a true copy of this Response on counsel for Defendant through CM/ECF:

Jason Richard Bowyer, Esq. McGuireWoods LLP 50 N. Laura Street, Suite 3300 Jacksonville, Florida 32202 (904) 798-3230 jbowyer@mcguirewoods.com Lead Attorney

Steffanny Acevedo-Perez, Esq. McGuireWoods LLP 50 N. Laura Street, Suite 3300 Jacksonville, Florida 32202 (904) 798-3200 Fax: (904) 360-6309 sacevedo@mcguirewoods.com

**/s/ Charles Jacob Stratmann**