**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO.: 0:26-cv-61090- DIMITROULEAS/STRAUSS**

CHARLES JACOB STRATMANN,

Plaintiff,

v.

BANK OF AMERICA, N.A.,

Defendant.
_________________________________/

**BANK OF AMERICA, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW**

Defendant Bank of America, N.A. ("BANA"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files its reply to Plaintiff Charles Jacob Stratmann's Response in Opposition to BANA's Motion to Dismiss Amended Complaint filed on August 26, 2026 [D.E. 23] (the "Response") and in support states as follows:

**INTRODUCTION**

Plaintiff's Response confirms what BANA's Motion to Dismiss Amended Complaint (the "Motion") [D.E. 22] demonstrated: the Complaint [D.E. 20] fails to state a plausible claim for relief. Rather than meaningfully engage with the legal authorities and arguments set forth in BANA's Motion, the Response largely restates the Complaint's conclusory allegations, introduces new factual assertions and legal theories not found in the operative pleading, and ignores entirely several dispositive arguments. Such tactic is wholly impermissible. *See Gladney by & through Gladney v. Consumers Credit Union*, No. 23-13959, 2024 WL 2797914, at *4 (11th Cir. May 31, 2024) citing *Gilmour v. Gates*, *McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

The Response newly cites FCCPA § 559.72(9), Article 9 §§ 679.613, 679.626, and 679.625(4), and recharacterizes an April 7 call as a separate RICO predicate act, none of which appear in the Complaint. The Court, however, should evaluate the Complaint as filed.

When limited to the operative pleading, each of BANA's dismissal grounds stands. Plaintiff still lacks standing for entity-owned losses; the Article 9 counts remain duplicative, conclusory, or legally deficient; the FCCPA count identifies no prohibited practice; the declaratory judgment count rests on a controversy that does not exist; the RICO claims fail for lack of enterprise participation, actionable predicates, pattern, causation, and conspiracy; and the Complaint's indiscriminate incorporation of 32 background paragraphs into every count remains a textbook shotgun pleading. The Complaint should be dismissed in its entirety with prejudice.

## ARGUMENT

### I. PLAINTIFF RESPONSE DOES NOT AMEND THE COMPLAINT

As a threshold matter, the Response improperly attempts to supplement the Complaint with statutory provisions and factual theories not contained in the operative pleading. A response in opposite to a motion to dismiss may not be used as a vehicle for amending the complaint. *Gilmour,* 382 F.3d at 1315. The Court's Rule 12(b)(6) inquiry is confined to the Complaint. Here, Plaintiff's Response introduces at least four new theories absent from the Complaint:

*First*, the Response invokes FCCPA § 559.72(9) for the first time. D.E. 23 at 5. The Complaint's Count VII cites only the general statute, § 559.72, and pleads no subsection. D.E. 20 ¶¶ 57-58; *see also* D.E. 22 at 14. A plaintiff "must allege a violation of a specific provision of the FCCPA." *Read v. MFP, Inc.*, 85 So. 3d 1151, 1155 (Fla. 2d DCA 2012).

*Second*, the Response relies on § 679.613 to argue that Counts I and II state independent duties. D.E. 23 at 3. Section 679.613 appears nowhere in the Complaint. *See* D.E. 20 ¶¶ 33-41.

*Third*, the Response invokes §§ 679.626 and 679.625(4) to rescue Count VIII's declaratory judgment claim, arguing that a controversy exists over deficiency-elimination and surplus recovery. D.E. 23 at 5-6. The Complaint, however, does not cite § 679.626 or § 679.625(4). *See* D.E. 20 ¶¶ 59-61. It pleads only a bare assertion that "[a]n actual controversy exists" regarding a deficiency balance. *Id.* ¶ 60.

*Fourth*, the Response treats an alleged April 7, 2026, telephone call as a separate RICO wire-fraud predicate. D.E. 23 at 6. The Complaint's predicate-act allegations specify only two wire-fraud predicates: a March 10, 2026 call and an April 8, 2026, call. D.E. 20 ¶ 65. The Response's attempt to bootstrap a third telephonic predicate from the Complaint's background allegations cannot be credited.

Accordingly, each of these new theories should be disregarded. *See Gladney* at *4 ("[Plaintiff] could not cure the deficiencies in his amended complaint by asserting additional facts in his response to [Defendant's] motion to dismiss.").

## II. PLAINTIFF CONTINUES TO LACK STANDING

The Response concedes that Plaintiff does not bring this action on behalf of Starboard Yacht Group LLC ("SYG") or any entity. D.E. 23 at 2-3 (quoting D.E. 20 ¶ 5). That concession is dispositive for any damage theory that belongs to SYG.

The Complaint identifies SYG, not Plaintiff individually, as the entity that made the $113,285.15 in chargeback payments BANA allegedly reversed. D.E. 20 ¶¶ 10-15, 65(c). Plaintiff cannot disclaim bringing suit on SYG's behalf while simultaneously seeking to recover SYG's payments and the alleged enterprise's business losses. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1384-85 (11th Cir. 1985) ("[Plaintiff] maintains that, by virtue of the corporation's

assignment of its claims to him individually, he may assert these corporate claims without the benefit of counsel. We disagree.").

The Response suggests that the remedy for entity-owned damages is to "limit damages or permit amendment, not to dismiss the individual" claims. D.E. 23 at 3. However, to the extent any theory depends on SYG's rights, SYG remains a required party under Rule 19 whose absence could expose BANA to duplicative or inconsistent obligations. *See Santiago v. Honeywell Int'l, Inc.*, 768 F. App'x 1000, 1004 (11th Cir. 2019). Accordingly, Plaintiff lacks standing.

## III. THE ARTICLE 9 PLEADING DEFICIENCIES REMAIN

The Response does not cure the Article 9 deficiencies identified in the Motion.

### A. Counts I and II Remain Duplicative And Cannot Yield Separate Recovery.

BANA does not dispute that §§ 679.611 and 679.612 address different statutory requirements. The point is narrower: the Complaint alleges that BANA sent no notification whatsoever. D.E. 20 ¶ 23 ("[a]t no time did BANA send Plaintiff any notification"). Where the claim is total omission, the timeliness requirement of § 679.612 adds no separate substantive violation. *See* Fla. Stat. § 679.612 (addressing the timing of a notification that was actually sent). Counts I and II thus rest on a single alleged breach, the failure to notify, and cannot support duplicative liability or damages.

The Response now invokes § 679.613 to argue that any notification must also contain specific content. D.E. 23 at 3. But § 679.613 appears nowhere in the Complaint and should therefore be disregarded. Even if considered, a content-deficiency claim does not rescue a second stand-alone count when the Complaint alleges no notification was sent at all. If no notice was sent, there is no notice whose content or timing can be independently deficient.

Moreover, the Complaint's own factual narrative undermines the absolute no-notice theory. The Complaint alleges that on November 15, 2025, Plaintiff received an email confirming that BANA was pursuing disposition of the Vehicle, and that BANA communicated with Plaintiff through emails and telephone calls informing him of the default, repossession, and intended disposition. D.E. 20 ¶¶ 19-22. These allegations prevent a no-notice theory. D.E. 22 at 11-12.

**B. The Complaint Does Not Plead Commercial Unreasonableness (Count III).**

The Response argues that the Complaint pleads facts about the "method, manner, and terms" of the disposition and that whether a private dealer sale was "usual" is a fact question. D.E. 23 at 4. But commercial reasonableness under § 679.610 is measured by objective criteria: whether the disposition was made in the "usual manner in a recognized market, made at the price current in any recognized market at the time of the disposition, or otherwise in conformity with reasonable practices among dealers in the type of property being disposed." *Ford Motor Credit Co., LLC v. Arwine*, 276 So. 3d 275 at *1 (Fla. 1st DCA 2019).

The Complaint alleges none of these facts. It does not identify the accepted dealer practices for repossessed commercial vehicles, the market price for the Vehicle at the time of disposition, or the actual sale terms. D.E. 20 ¶¶ 42-44. Instead, the Complaint equates commercial unreasonableness with BANA's refusal to disclose sale details and Plaintiff's exclusion from a private sale. *Id.* ¶ 43. But Article 9 expressly permits private sales, Fla. Stat. § 679.610(2), and does not impose a duty to allow the debtor to participate in private sale negotiations. The Complaint's conclusory assertions do not state a claim. *Iqbal*, 556 U.S. at 678.

**C. The Complaint Does Not Allege Tender (Count IV).**

Plaintiff's Response fails to supply the missing tender allegation. Plaintiff seems to be under the impression that a claim of redemption does not need to plead tender. D.E. 23 at 4. This

is incorrect. To state a claim for denial of redemption under § 679.623, a plaintiff must allege tender of the outstanding balance to the defendant. *See Groves v. U.S. Bank*, No. 8:10-CV-2665-T-17TGW, 2011 WL 2192821, at *7 (M.D. Fla. June 6, 2011) (dismissing complaint for failure to plead sufficient factual allegations under § 679.623 including the existence of tender). Here, the Complaint does not allege that Plaintiff tendered the full secured obligation and expenses, made an offer of tender, asked BANA to accept a statutory redemption tender, or even had the present ability to tender. D.E. 20 ¶¶ 45-48. Count IV should be dismissed.

**D. Count V Conflates Information Requests with a Surplus/Deficiency Accounting.**

The Response characterizes Count V as "a statutory accounting claim" under § 679.616(1). D.E. 23 at 4. But the Complaint's own allegations confirm that Plaintiff's requests primarily sought the sale price, buyer identity, and general disposition information, not the "explanation of the calculation of a surplus or deficiency" that § 679.616 requires. D.E. 20 ¶¶ 49-53; D.E. 23 at 4. Section 679.616 does not create a general right to obtain sale records. It is limited to an explanation of the monetary calculation where a surplus or deficiency exists after disposition. *See* Fla. Stat. § 679.616(1). Requests for buyer identity and disposition records, the substance of what the Complaint pleads, do not constitute a demand for a § 679.616 explanation. Count V fails.

**E. Count VI's Deficiencies Remain.**

The Response acknowledges that "Section 679.625 supplies the damages for noncompliance with Chapter 679" and suggests that if the Court prefers, damages can be "folded into Counts I-V." D.E. 23 at 5. That concession confirms BANA's position: § 679.625 is a remedial statute, not a stand-alone cause of action. D.E. 22 at 15. Furthermore, § 679.625(2) permits damages only "in the amount of any loss caused by a failure to comply" with Chapter 679, and specifically excludes consequential, special, or penal damages unless independently

recoverable. The consumer-goods statutory minimum in § 679.625(3)(b) is unavailable because the Vehicle was acquired for business use. D.E. 20 ¶ 7. Plaintiff's claimed consequential damages, and other damages should be stricken.

## IV. COUNTS VII AND VIII REMAIN DEFECTIVE

### A. Count VII Fails to State a Claim Under the FCCPA

The Complaint's FCCPA count alleges only that BANA's conduct was "unfair and unconscionable" and identifies **no** specific subsection of Fla. Stat. § 559.72. D.E. 20 ¶ 58. However, a claim under the FCCPA must allege the violation of a specific provision. *Read*, 85 So. 3d 1151, 1155 (Fla. 2d DCA 2012). The Response now supplies the missing subsection, identifying § 559.72(9) for the first time. D.E. 23 at 5. That amendment-by-briefing should be disregarded. *See* Section I, supra.

Even if § 559.72(9) were properly pleaded, the Complaint would still not state a claim. Section 559.72(9) prohibits "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when [the] person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). Here, the Complaint alleges a secured-party repossession and disposition and BANA's refusal to provide requested records. *See generally* D.E. 20. It does not allege that BANA asserted, attempted to enforce, or threatened to enforce a debt it knew was illegitimate, or asserted a legal right it knew did not exist. Those allegations do not plausibly state a violation of § 559.72(9).

### B. The Declaratory-Judgment Claim Lacks an Actual Controversy.

The opposition argues that "[a]n actual controversy exists over whether any deficiency is owed after a disposition." D.E. 23 at 5. It newly invokes §§ 679.626 and 679.625(4) to supply the missing immediacy. *Id.* at 5-6. But neither section appears in the Complaint. Even if they did, the

problem is not one legal theory, it is factual. The Complaint nor the Response presents any facts showing that BANA has asserted a deficiency, demanded payment of a deficiency, calculated any deficiency, or taken any collection action. D.E. 20 ¶¶ 59-61. Without those facts, there is no "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Sections 679.626 and 679.625(4) govern situations where a deficiency or surplus is in issue. They do not create present immediacy where, as here, no deficiency has been alleged. Plaintiff cannot manufacture an "actual controversy" by filing a preemptive lawsuit in anticipation of a claim that has not been made. *See Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008). Count VIII should be dismissed.

## V. THE RICO CLAIM REMAINS FATALLY DEFICIENT

The Response's defense of the RICO claims illustrates precisely why they are fatally deficient: each argument depends on characterizations of the Complaint that the Complaint's text does not support.

### A. Plaintiff Fundamentally Misunderstands the RICO Predicate Standard.

The Response asserts that the Complaint's predicates are pleaded with particularity. D.E. 23 at 6. They are not. The Complaint labels two calls, one concerning the alleged denial of repossession claims and one concerning refusal to disclose sale details, as wire fraud. D.E. 20 ¶ 65. Neither statement constitutes wire fraud. The Complaint identifies no specific false statement, scheme to defraud, or gain to BANA. A refusal to produce records or a denial of a claim is not, without more, wire fraud. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291–92 (11th Cir. 2010).

The Complaint's remaining predicate allegations fare no better. Paragraph 65(c) alleges that BANA reversed chargebacks in December 2023, styled as a "bank fraud" predicate under 18 U.S.C. § 1344. But § 1344 prohibits schemes "to defraud a financial institution." 18 U.S.C. § 1344. The Complaint does not allege that BANA schemed to defraud itself. Moreover, the alleged $113,285.15 loss belongs to SYG, not Plaintiff. D.E. 20 ¶¶ 10-15. And finally, the Sprinter damage-claim denial (¶ 65(d)) and the vishing allegation (¶ 65(e)) do not plead actionable fraud.

**B. Plaintiff Has not Shown the Existence of a Distinct Enterprise.**

The Response does not identify facts connecting BANA to the alleged enterprise. Section 1962(c) requires an enterprise distinct from the person alleged to conduct its affairs, and the defendant must participate in the enterprise's operation or management. *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1355 (11th Cir. 2016); *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993). The Complaint states that BANA was not a member of the supposed enterprise and pleads no facts showing coordination or an agreement between BANA and the alleged participants. D.E. 20 ¶ 32.

**C. The Complaint Does Not Plead a Related and Continuous Pattern.**

The opposition argues that the alleged acts are related because they share the "same victim" and "same purpose." D.E. 23 at 7. But a RICO pattern requires both relatedness and continuity. *Am. Dental Ass'n*, 605 F.3d at 1290. The alleged predicates involve fundamentally disparate events, actors, assets, and purposes. They do not show a "pattern" or continuity. *See* 18 U.S.C. §§ 1961(5), 1962(c)–(d); *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1215-17 (11th Cir. 2020).

**D. No Direct RICO Injury, Proximate Cause, or Conspiracy Is Alleged.**

The Complaint fails to plead that Plaintiff's alleged injuries were directly and proximately caused by the predicate acts, as distinct from the underlying disposition and contractual disputes. *See Avirgan v. Hull,* 932 F.2d 1572, 1576-78 (11th Cir. 1991). Many of the claimed injuries,

chargeback losses, Sprinter damage, lost manufacturer-remedy value, are either SYG's losses or are independent of any racketeering activity.

## VI. THE COMPLAINT REMAINS A SHOTGUN PLEADING

Beyond the substantive deficiencies addressed above, the Complaint's structure independently warrants dismissal as a shotgun pleading. The 32 incorporated paragraphs do not constitute a neutral factual background. They are full of conclusory allegations unrelated to the claims at issue. D.E. 20 ¶¶ 1-32. Each count incorporates all of these allegations, causing each successive claim to carry the weight of the entire complaint. D.E. 20 ¶¶ 33, 38, 42, 45, 49, 54, 57, 62, 70. This is the paradigmatic shotgun pleading the Eleventh Circuit has condemned. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).

## VII. FURTHER AMENDMENT WOULD BE FUTILE

Plaintiff has already amended his pleading. *See* D.E. 20. However, the Amended Complaint still does not cure the defects identified in the initial motion, and the Response does not show that further amendment could cure the deficiencies addressed in the Motion. Where a plaintiff has had a prior opportunity to amend and the amended pleading still fails to state a claim, dismissal with prejudice is appropriate. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Further amendment would be futile because Plaintiff's claims continue to fail as a matter of law.

## CONCLUSION

WHEREFORE, for the foregoing reasons and authorities, Bank of America, N.A. respectfully requests that Plaintiff's Complaint be dismissed with prejudice and grant such other and further relief as this Court deems just and proper.

Dated: September 2, 2026

Respectfully submitted,

By: *<u>/s/ Jason R. Bowyer</u>*
Jason R. Bowyer (Lead Counsel)
Florida Bar No. 0693731
jbowyer@mcguirewoods.com
flservice@mcguirewoods.com
Steffanny Acevedo-Perez
Florida Bar No. 1074628
sacevedo@mcguirewoods.com
fladmin@mcguirewoods.com
**McGuireWoods LLP**
50 North Laura Street, Suite 3300
Jacksonville, Florida 32202
(904) 798-3200
(904) 798-3207 (fax)
*Attorneys for Bank of America, N.A*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on September 2, 2026. I also certify that the foregoing document is being served this day September 2, 2026 via U.S. Mail on the following:

Charles Jacob Stratmann
850 NE 3rd Street
Suite 208
Dania Beach, FL 33004
*Pro Se Plaintiff*

*<u>/s/ Jason R. Bowyer</u>*
Attorney